NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-218

LORRAINE LANCLOS WAGLEY

VERSUS

ARTHUR C. WAGLEY

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-1963-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.

**David L. Carriere**
**Attorney at Law**
**322 South Market Street**
**Opelousas, LA 70570**
**(337) 948-6217**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Arthur C. Wagley

**Elizabeth A. Long**
**Attorney at Law**
**600 Jefferson Street, Suite 504**
**Lafayette, LA 70501**
**(337) 266-2180**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lorraine Lanclos Wagley**

**DECUIR, Judge.**

Lorraine Lanclos Wagley sought an increase in child support payments from her former husband, Arthur C. Wagley, based upon her change in employment and subsequent reduction in income. In response, Arthur Wagley alleged a similar reduction in income and sought a decrease in his support obligation. The trial court found Lorraine was voluntarily underemployed; thus, her monthly income was considered to be the same amount set forth in the court's previous ruling establishing the child support award. The trial court further found Arthur did prove a decrease in his monthly income. However, when the court recalculated the support award based upon the statutory child support guidelines, Arthur's monthly obligation was increased from $1,500.00 to $2,065.00. Arthur appeals.

At the time of their divorce, Lorraine and Arthur had four children, two of whom were minors. By judgment dated April 16, 2010, child support was set at $3,000.00 per month, which was to be reduced to $1,500.00 per month starting June 1, 2010, after the high school graduation and eighteenth birthday of one of the two minor children. Later that year, Lorraine accepted a job with the St. Landry Parish School System at a salary significantly less than she was making in her previous position. Arthur also asserted that he, too, makes significantly less in income than he did at the time child support was originally set. Arthur owns and manages a variety of businesses that include such activities as real estate investment, specialized healthcare real estate management, farming, and horse breeding. Using vague and complicated explanations, Arthur attempted to prove that his monthly income decreased from $24,583.00 to $9,000.00 since the original child support award was made.

The trial court found Lorraine left her higher paying job of her own volition and was voluntarily underemployed. That finding has not been appealed. The trial

court also found that Arthur had indeed suffered a decrease in income. After adding up various payments, benefits, and expense reimbursements which Arthur described to the court, his monthly income was calculated at $18,311.00. Based on this change in circumstances, the trial court turned to the child support guidelines, La.R.S. 9:315 *et seq.*, to determine the appropriate amount to be awarded for the support of one minor child. Arthur's share of the support obligation was calculated to be $2,065.00 per month, which was delineated as $1,694.00 in support and 81% of the child's private school tuition of $458.00.

In this appeal, Arthur contends the trial court erred in finding a material change in circumstances and in calculating his income. We disagree. We find the record supports the conclusions reached by the trial court.

First, Arthur himself alleged a change in circumstances by testifying to a lower monthly income and various business deals that had failed or had not yet become income producing. He suggested that his income was less than half the amount established in April of 2010. He offered certain bank records that showed he did not always receive the income specified in his employment contract and actually had put money back into the company on some occasions. Although Arthur does have partners in some of his endeavors, it appears from the record that he has the authority to decide when and how much he is paid. Second, Arthur described certain benefits he receives as a result of his business dealings. He uses a company-owned house in Lafayette, has access to several vehicles, receives reimbursement for some travel and gas expenses, and was provided with health insurance for his family. Based on this testimony, the trial court found Arthur's income had decreased by over $6,000.00 per month, which was not the amount Arthur sought to prove, but was nonetheless a material change in circumstances as described in La.R.S. 9:311.

2

Under the child support schedule set forth at La.R.S. 9:315.19 and effective in 2010 when the original child support award was made, Arthur was responsible for $3,003.00 per month for two children and $2,131.00 for one child. Therefore, when the Wagley's 18-year-old daughter graduated from high school, Arthur's obligation should have been reduced to $2,131.00, not $1,500.00 as specified in the April 16, 2010 judgment. The judgment was not contested, however, and the award stood. Nevertheless, when a recalculation is warranted, as shown in the record before us, the recalculation must comply with the statutory schedule.

Accordingly, once the threshold requirement of a material change in circumstances was proven, the trial court correctly relied on the child support guidelines for recalculation of the support award. The trial court was not constrained by the terms of the April 2010 judgment, which provided for the $3,000.00 *in globo* award to be reduced by half upon the older child's reaching the age of majority. Rather, the court was compelled to follow the guidelines in modifying Arthur's child support obligation. La.R.S. 9:315.1. The "logical inconsistency" of Arthur's obligation being increased after he proved a decrease in income is immaterial; his obligation was originally lower than what the guidelines specified. Now, the support obligation has been calculated according to law, and we find no error in this determination.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Arthur C. Wagley.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

3